CHUAN JIAN ZHANG, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–1651–ag.

United States Court of Appeals,
Second Circuit.

Nov. 13, 2006.

Robert J. Pures II, New York, NY, for Petitioner.

Richard D. Humphrey, Assistant United States Attorney, for Erik C. Peterson, United States Attorney for the Western District of Wisconsin, Madison, WI, for Petitioner.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Chuan Jian Zhang, a citizen of the People's Republic of China ("China"), seeks review of an April 3, 2006 order of the Board of Immigration Appeals ("BIA") denying petitioner's appeal from the October 11, 2005 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying petitioner's motion to reopen. *In re Chuan Jian Zhang*, No. A73 185 946 (B.I.A. April 3, 2006), *aff'g* No. A73 185 946 (Immig. Ct. N.Y. City Oct. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision " 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory

statements; that is to say, where the Board has acted in an arbitrary or capricious manner.'" *Id.* at 233–34 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001)) (internal citations omitted).

▇ The BIA did not abuse its discretion in denying Zhang's motion to reopen based on the record presented to it at the time. The BIA reasonably found that Zhang both received proper notice of his 1997 hearing before the IJ and did not allege in his motion lack of proper notice or exceptional circumstances for his failure to appear at that hearing. *See* 8 U.S.C. § 1229a(b)(5)(A). Because Zhang did not challenge his *in absentia* removal order in either his appeal or in his motion to reopen with the IJ, and he does not challenge that order in his petition to this Court, he cannot now resurrect his original asylum claim—i.e., that he was persecuted in China on account of his democratic activities, a claim that was before the IJ when the IJ entered the *in absentia* removal order—under the guise of a motion to reopen. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). Further, even if Zhang successfully challenged his *in absentia* removal order, his motion presented no new evidence and no changed circumstances in China with respect to his original claim that might have warranted an exception to the filing deadlines under 8 C.F.R. § 1003.2(c).

▇ The BIA also reasonably found "that the birth of [Zhang's two] children in the United States—what amounts to a change in personal circumstances—[did not] constitute[ ] a change in circumstances arising in the country of nationality which would create an exception to the time ... limitations for filing a motion to reopen [under] 8 C.F.R. § 1003.2(c)(3)(ii)." In reaching this conclusion, the BIA accurately noted that Zhang's August 2005 motion

to reopen with the IJ, which was the subject of his appeal with the BIA and his petition for review, was filed more than eighteen months after the birth of his second child and almost eight years after he was ordered deported *in absentia*. Further, the BIA took into account the "numerous documents" Zhang submitted with his motion, including the 2004 State Department Report. Although Zhang argues in his brief to this Court that the 2004 State Department Report notes that "forced abortion and forced sterilization[ ] continued to be a problem" in China, and "the Population and Family Planning Law, which entered into force in 2002 ... is intended to standardize the implementation of the Government's birth limitation policies," Zhang's evidence did not, without more, show changed circumstances in China with respect to his claim regarding his American-born children. *Cf. Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 48 (2d Cir.2005).

▇ Zhang has waived his claim that he is eligible for adjustment of status through his marriage to his now-naturalized United States citizen-wife, as he does not discuss this claim in the "Argument" section of his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998). Furthermore, the BIA did not abuse its discretion in determining that Zhang's motion to reopen did not meet the timeliness requirements of 8 C.F.R. § 1003.2(c)(2). *See Ali v. Gonzales*, 448 F.3d 515, 516–17 (2d Cir.2006).

▇ We note, however, that under 8 U.S.C. § 1158(a)(2)(D), Zhang is entitled to file a successive asylum application based on "changed circumstances" that may not be subject to the time, numerical or country limitations of motions to reopen. We note further that documents that Zhang did not present in support of his claim, however, but which we recog-

nized in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), if authentic, provide for the first time evidence of an official policy of forcible sterilization in Changle City, Fujian Province, from which Zhang comes. *Shou Yung Guo* discussed documents reflecting 2003 decisions of the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration, both indicating that parents of children born abroad are subject to the same family-planning policies as parents of native-born children, as well as a 1999 document entitled "Q & A for Changle City Family–Planning Information Handbook" issued by Changle City family-planning authorities, which states that forced sterilization is mandated for parents of two or more children. *Id.* at 112–13. In *Tian Ming Lin v. U.S. Dep't of Justice,* 468 F.3d 167 (2d Cir.2006) (per curiam), a panel of this Court recently remanded a case to the BIA in light of these documents. 468 F.3d at 169. We remand this case to the BIA so that it may determine whether these Fujian Province and Changle City documents establish the existence of an official policy of forcible sterilization of two or more children whose children were born abroad, and so that it may assess Zhang's claim that he risks forcible sterilization if returned to his home province in China.

For the foregoing reasons, the petition for review is GRANTED in part, the BIA's order is VACATED in part, and the case is REMANDED for further proceedings. Having completed our review, the pending motion for a stay of removal previously granted is DENIED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).