TIAN MING LIN, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

**Docket No. 06–2356–AG.**

United States Court of Appeals, Second Circuit.

Submitted: Oct. 30, 2006.

Decided: Oct. 30, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, for petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Laura Thomas Rivero and Kathleen M. Salyer, Assistant United States Attorneys, Miami, FL, for respondents.

Before POOLER, SOTOMAYOR, and KATZMANN, Circuit Judges.

PER CURIAM.

Petitioner Tian Ming Lin, a citizen of the People's Republic of China, moves to remand his case to the Board of Immigration Appeals ("BIA") on the basis of previously unavailable evidence suggesting that forced sterilization is part of the official family-planning policy in Changle City, Fujian Province, China, and that this policy is applied to the repatriated parents of foreign-born children. As the father of two U.S.-born children, Lin claims that he faces forced sterilization if returned to Fujian Province.

Both this Court and the BIA have concluded that the evidence previously available to support Chinese asylum applicants' claims of forced sterilization was inadequate to establish the existence of an official policy of forced sterilization on the part of any Chinese province or locality, and thus insufficient to show that the applicants were likely to face forced sterilization if returned to China. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274–76 (2d Cir.2006) (finding that an affidavit prepared by Dr. John S. Aird, a retired demographer and immigration expert, was insufficient to establish the existence of a policy of forced sterilization in China); *Jian Xing Huang v. U.S. INS,* 421 F.3d 125, 129 (2d Cir.2005) (concluding that the petitioner's claim that he faced forced sterilization in China was "speculative at best" because he offered as support for his claim only his own uncorroborated testimony that his sister-in-law had been forcibly sterilized); *Matter of C–C–,* 23 I. & N. Dec. 899, 903 (B.I.A.2006) (finding the Aird Affidavit insufficient to establish *prima facie* eligibility for relief on a claim of forced sterilization). This Court and the BIA have both found more persuasive the State Department's China Country Reports, which find no evidence that forced sterilization is part of official Chinese family-planning policy. *See Wei Guang Wang,* 437 F.3d at 274 (noting that the Country Report finds no official policy of forced sterilization); *Jian Xing Huang,* 421 F.3d at 129 (concluding that the BIA was entitled to rely on the Country Report in rejecting a petitioner's claim of forced sterilization); *Matter of C–C–,* 23 I. & N. Dec. at 903 ("Having considered all of the relevant evidence, we find that the State Department reports are more persuasive than the Aird Affidavit in determining the chances that the respondent will be sterilized if he returns to China.").

Lin is correct, however, that the documents recently presented to this Court for the first time in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), suggest that there may in fact be an official policy of forced sterilization in Fujian Province, and these documents potentially undermine our continued reliance on the State Department reports, which may have been prepared without the benefit of these documents. *Shou Yung Guo* discussed documents reflecting 2003 decisions of the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration, both indicating that parents of children born abroad are subject to the same family-planning policies as parents of native-born children, as well as a 1999 document entitled "Q & A for Changle City Family–Planning Information Handbook" issued by Changle City family-planning authorities, which states that forced sterilization is mandated for parents of two or more children. *Id.* at 112–13. We do not yet know whether these documents are authentic. Returning a person to a part of China where he or she will face an officially sanctioned policy of forced sterilization, however, would appear to violate United

States law, which expressly holds that a person with a well-founded fear of forced sterilization is a refugee eligible for asylum, except where the BIA has proof that the applicant could avoid persecution by relocating to another region of his or her country of nationality. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 208.13(b)(2)(ii) (permitting return of an asylum applicant with a well-founded fear of future persecution where relocation to another region of the country of nationality is reasonable "under all the circumstances").

Because the *Shou Yung Guo* documents are too important to ignore, we remand this case to the BIA so that it may determine whether they establish the existence of an official policy, in Changle City or Fujian Province generally, of forced sterilization of parents of two or more children, including parents whose children were born abroad, and so that the BIA may reassess, in light of these documents, Lin's claim that he risks forced sterilization if returned to his home province in China.