**LI QING CHEN, Petitioners,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–0859–ag.

United States Court of Appeals, Second Circuit.

Nov. 15, 2006.

Chun W. Wong, NY, for Petitioners.

Martha A. Fagg, United States Attorney, Sioux City, IA, for Respondents.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Li Qing Chen, a native and citizen of China, seeks review of a January 31, 2006 order of the BIA adopting and affirming the October 4, 2004 decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Li Qing Chen,* No. A95 846 266 (B.I.A. Jan. 31, 2006), *aff'g* A95 846 266 (Immig. Ct. N.Y. City Oct. 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). It reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive un-less any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

■ The BIA's decision regarding the one-year filing deadline involved findings of fact that were not made by the IJ, and it is unclear whether the BIA is authorized to make such findings. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals."). We need not resolve this question, however, because Chen concedes that her asylum application was untimely. Chen asserts, however, that the BIA erred by rejecting her claim that changed circumstances justified her late filing. For the reasons to be discussed, we conclude that the BIA properly rejected Chen's claim of changed circumstances on the basis of the record before it, but it should consider on remand whether Chen may now renew her asylum claim on the basis of newly available evidence of changed circumstances.

■ The BIA also affirmed the IJ's decision to deny Chen's claim for asylum and withholding of removal claims, the latter of which has no time limit, based on the IJ's determination that Chen had failed to show that she would likely be forcibly sterilized on account of her two United States-citizen children if she were returned to China. In making this determination, the IJ relied on the Asylum Profile and Country Report, which indicate that the birth of two children while living abroad has not been established as a violation of the fami-

ly planning policy. In *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004), the Court warned the agency "not to place excessive reliance on published reports of the Department of State." Here, however, the agency's conclusion that Chen's fear of future persecution was unfounded is substantially supported by the entirety of the record before it; it considered the State Department's country materials in conjunction with Chen's testimony and submitted documentary evidence and reasonably determined that this evidence did not indicate that Chen would be treated as a violator of the family-planning policy due to her two United States-citizen children. *Cf. Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best").

■ Documents that were not available to Chen, however, but which we recognized in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), if authentic, provide for the first time evidence of an official policy of forcible sterilization in at least some parts of China's Fujian Province, from which Chen hails. *Shou Yung Guo* discussed documents reflecting 2003 decisions of the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration, both indicating that parents of children born abroad are subject to the same family-planning policies as parents of native-born children, as well as a 1999 document entitled "Q & A for Changle City Family–Planning Information Handbook" issued by Changle City family-planning authorities, which states that forced sterilization is mandated for parents of two or more children. *Id.* at 112–13. In *Tian Ming Lin v. U.S. Dep't of Justice,* 468 F.3d 167 (2d Cir.2006) (per curiam), a panel of this Court recently remanded a case to the BIA in light of these documents. 468 F.3d at 169. As in *Tian Ming Lin,* these documents may significantly undermine the finding in this case that Chen's claim of forcible sterilization was too speculative to carry her burden of proof. We remand this case to the BIA so that it may determine whether these Fujian Province and Changle City documents establish the existence of an official policy of forcible sterilization of parents of two or more children, including parents whose children were born abroad, and so that it may reassess Chen's claim that she risks forcible sterilization if returned to her home province in China.

For the foregoing reasons, the petition for review is GRANTED in part, the BIA's order is VACATED in part, and the case is REMANDED for further proceedings.