YAN PING CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.

No. 06–0770–ag.

United States Court of Appeals, Second Circuit.

Nov. 15, 2006.

910

Dehai Zhang, Flushing, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida; Anne R. Schultz, Chief, Appellate Division, Kathleen M. Salyer, Laura Thomas Rivero, Assistant United States Attorneys, Miami, FL, for Respondents.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Ping Chen, a native and citizen of the People's Republic of China, seeks review of a January 24, 2006 order of the BIA denying petitioner's motion to remand and affirming the June 15, 2004 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Ping Chen,* No. 77 280 957 (B.I.A. Jan. 24, 2006), *aff'g* No. A 77 280 957 (Immig. Ct. N.Y. City June 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA adopts the decision of the IJ and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). As a preliminary matter, this Court lacks jurisdiction to review the agency's pretermission of Chen's asylum claim due to her failure to apply within one year of entry and to establish any exception to that rule because Chen has presented no constitutional claims or questions of statutory interpretation with respect to the decision to pretermit. *See* 8 U.S.C. § 1158(a)(2)(B), (D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006).

As to Chen's withholding and CAT claims, this Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005).

■ In finding Chen incredible, the IJ emphasized the stark inconsistency between Chen's airport interview statement and subsequent testimony that she had in fact undergone an abortion. Because Chen's statements were inconsistent as to whether or not the alleged past persecution occurred, this inconsistency was alone sufficient to support an adverse credibility determination. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 295 (2d Cir.2006) (per curiam); *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Furthermore, Chen submitted no compelling evidence to the IJ or BIA that Chinese nationals with U.S.-born children would be subject to persecution or torture if penalized under China's family planning policies. Significantly, the *Washington Post* article Chen argues was overlooked by the BIA does not support her contention that she would be sterilized, as it discusses only the choice given to a Chinese national either to have an abortion or forfeit economic benefits at her workplace. Thus, the agency's finding that Chen failed to demonstrate she would more likely than not be subject to persecution or torture is supported by substantial evidence. *See Surinder Singh v. BIA,* 435 F.3d 216, 219 (2d Cir.2006).

■ Finally, Chen argues that the BIA abused its discretion in denying her motion to remand, which contended that new evidence—the birth of her third child—made it more likely she would be subject to sterilization in China. However, because Chen failed to show that she would be subject to persecution or torture, including sterilization, under China's family planning policies when she had only two children, the mere birth of a third child makes the threat of persecution or torture no more likely without evidence to support her contention. Thus, the BIA did not abuse its

discretion, on the basis of the evidence Chen presented, in denying Chen's motion to remand for failure to establish *prima facie* eligibility for relief. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005).

■ Documents that were not available to Chen, however, but which we recognized in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), if authentic, provide for the first time evidence of an official policy of forcible sterilization in at least some parts of China's Fujian Province, from which Chen hails. *Shou Yung Guo* discussed documents reflecting 2003 decisions of the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration, both indicating that parents of children born abroad are subject to the same family-planning policies as parents of native-born children, as well as a 1999 document entitled "Q & A for Changle City Family–Planning Information Handbook" issued by Changle City family-planning authorities, which states that forced sterilization is mandated for parents of two or more children. *Id.* at 112–13. In *Tian Ming Lin v. U.S. Dep't of Justice,* 468 F.3d 167 (2d Cir.2006) (per curiam), a panel of this Court recently remanded a case to the BIA in light of these documents. 468 F.3d at 169. As in *Tian Ming Lin,* these documents may significantly undermine the finding in this case that Chen's claim of forcible sterilization was too speculative to carry her burden of proof. We remand this case to the BIA so that it may determine whether these Fujian Province and Changle City documents establish the existence of an official policy of forcible sterilization of parents of two or more children, including parents whose children were born abroad, and so that it may reassess Chen's claim that she risks forcible sterilization if returned to her home province in China.

For the foregoing reasons, the petition for review is GRANTED in part, the BIA's order is VACATED in part, and the case is REMANDED for further proceedings. The pending motion for a stay of removal is DENIED as moot.