**MEI FANG LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP & IMMIGRATION SERVICES, Respondent.**

**No. 05–3610–ag.**

United States Court of Appeals, Second Circuit.

Nov. 17, 2006.

Lorence Hockert, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York; Leslie A. Ramirez–Fisher, Neil M. Corwin, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Mei Fang Lin, a native and citizen of the People's Republic of China, seeks review of a June 23, 2005 order of the BIA affirming the March 2, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Fang Lin,* No. A 73 658 580 (B.I.A. June 23, 2005), *aff'g* No. A 73 658 580 (Immig. Ct. N.Y. City March 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003).

■ Substantial evidence supports the BIA's and IJ's determinations that, based on the record that was before the IJ, Lin failed to meet her burden of proof to establish past persecution due to her alleged forced abortion or a well-founded fear of future persecution in China due to the birth of her United States-citizen children. Lin's argument that the IJ erred in requir-

ing her to address a prior irrelevant negative credibility determination, is unavailing. Both the IJ and BIA merely clarified that, for the purposes of establishing any claim of past persecution based on the alleged forced abortion, Lin would have needed to overcome the prior adverse credibility ruling. Because she failed to do so, the IJ and BIA appropriately reviewed the evidence in the record to determine only whether Lin had demonstrated a well-founded fear that she would undergo forced sterilization in China.

■ Nonetheless, this Court recently granted a motion to remand to the BIA to determine whether documents submitted in support of an asylum claim "establish the existence of an official policy, in Changle City or Fujian Province generally, of forced sterilization of parents of two or more children, including parents whose children were born abroad." *Tian Ming Lin v. U.S. Dep't of Justice*, 468 F.3d 167 (2d Cir. 2006). The documents, highlighted in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), were 2003 decisions from the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration, indicating that parents of foreign-born children were subject to the Chinese family planning policies, as well as a 1999 Changle City Family Planning Information Handbook, stating that forced sterilization is mandated for parents of two or more children, established the existence of an official policy of forced sterilization of parents of two or more children, including parents whose children were born abroad. *Tian Ming Lin*, 468 F.3d at 168–69. In that case, the petitioner was the father of two United States-born children who claimed that he faced forced sterilization if returned to Fujian Province. *Id.*

Like the applicant in *Tian Ming Lin*, the petitioner in the instant case, Mei Fang Lin, states that she has given birth to two children while in the United States, in violation of the Chinese family planning policy, and argues that she will be forcibly sterilized by the government if returned to her native Fujian Province in China. Accordingly, we remand the case, in light of the documents described in *Shou Yung Guo*, in order for the BIA to reassess Lin's claim that she risked forced sterilization if returned to her home province in China. *Id.*

■ However, because Lin has failed to sufficiently argue the denial of her claims for withholding of removal and relief under the CAT before this Court, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is GRANTED, in part, and DENIED, in part, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this decision. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED as moot.