**YANG LIN, Petitioner,**

v.

**Alberto R. GONZALES [1], Respondent.**

**No. 04–3428–ag.**

United States Court of Appeals, Second Circuit.

Dec. 8, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

David R. Dugas, United States Attorney; Helina S. Dayries, Assistant United States Attorney, Baton Rouge, Louisiana, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Yang Lin, a native and citizen of the People's Republic of China, seeks review of a June 3, 2004 order of the BIA affirming the May 2, 2003 decision of Immigration Judge ("IJ") George T. Chew denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yang Lin,* No. A 77 998 040 (B.I.A. June 3, 2004), *aff'g* No. A 77 998 040 (Immig. Ct. N.Y. City May 2, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ As an initial matter, because Lin failed to raise in his petition for review the IJ's failure to make an independent finding on his CAT claim, any challenge to the IJ's resolution of this issue is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are consid-

ered waived and normally will not be addressed on appeal." (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998))).

 With respect to Lin's asylum and withholding of removal claims, the IJ found that Lin had failed to establish past persecution. The IJ stated that Lin "did not have the requisite relationship to qualify under *C–Y–Z–*," a reference to the BIA's decision holding that "forced sterilization of one spouse on account of a ground protected under the [Immigration and Nationality] Act is an act of persecution against the other spouse." *In re C–Y–Z–*, 21 I. & N. Dec. 915, 919 (B.I.A. 1997). It appears that the IJ rejected Lin's claim of past persecution on the basis of the attempted forced abortion because Lin and his common-law wife ("wife") were not legally married. The IJ, however, lacked the benefit of the BIA's recent clarification of its *C–Y–Z–*—holding, in which it explained that "there may be cases in which an unmarried partner in an extremely close and committed relationship may demonstrate persecution based on the clause [in the statutory definition of the term 'refugee'] referring to 'other resistance to a coercive population control program.'" *In re S–L–L–*, 24 I. & N. Dec. 1 (B.I.A.2006) (quoting 8 U.S.C. § 1101(a)(42)). The IJ did not consider whether Lin and his wife had the requisite "extremely close and committed relationship" that under *S–L–L–* would entitle Lin to claim persecution on the basis of the attempted forced abortion.[2] Nor did he consider whether Lin's physical altercation with the family-planning officials who came to his home to take his wife away for a

forced abortion constituted "other resistance to a coercive population control program." Moreover, the IJ did not explain why this altercation, during which Lin was struck in the head with a clipboard, along with the officials' subsequent threats of "severe punishment," would not support a claim of past persecution independent of the attempted forced abortion. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (defining persecution as "the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground" that "encompasses a variety of forms of adverse treatment, including non-life [-]threatening violence and physical abuse" and "threats to life and freedom" (internal quotation marks omitted, alteration in original)). *But see Gui Ci Pan v. United States Attorney General*, 449 F.3d 408 (2d Cir.2006)("this Court, and others, previously have rejected . . . claims involving 'unfulfilled' threats.") Accordingly, we remand for reconsideration of Lin's claim of past persecution.

 The IJ erred also by failing to analyze whether Lin had a well-founded fear of persecution if returned to China. Lin provided testimony that he fought with family-planning officials and helped his wife to evade capture, and that the officers went to his home while he was in hiding and threatened him with severe punishment. Additionally, he submitted letters from his mother and wife verifying his story, and indicating that the cadres considered the couple to have violated the birth control policy, and intended to "severely punish" them. These events were relevant to a well-founded fear analysis,

---

2. We note that this Court recently voted to review the BIA's decision in *S–L–L–* en banc and has ordered briefing regarding, *inter alia*, whether the BIA reasonably construed the statutory term "refugee" to exclude petitioners who claim asylum derivatively based on the involuntary abortion or sterilization of partners to whom they are not married. *See* Order of November 13, 2006, in *Shi Liang Lin v. U.S. Dep't of Justice*, Nos. 02–4611–ag, 02–4629–ag, 03–40837–ag.

particularly in the absence of an adverse credibility finding. In the absence of some explanation as to why Lin did not establish a well-founded fear of persecution, it is unclear whether the IJ considered this claim at all. Accordingly, this Court is unable to conduct a meaningful review of the IJ's determination that Lin failed to meet his burden of proof, *cf. Beskovic v. Gonzales*, 467 F.3d 223, 226–27 (2d Cir. 2006) (remanding a case where the IJ's explanation of why the applicant had not shown past persecution was insufficient to permit meaningful review of whether the IJ correctly applied the relevant standards). Moreover, because the IJ failed to give reasoned consideration to Lin's claim that he had a well-founded fear of persecution if returned to China, there is merit to his contention that the IJ denied him due process by "ignoring" his arguments and documentary evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir.2006) (stating that an asylum petitioner may state a due process claim where she was "denied a full and fair opportunity to present her claims").

We note that, on remand, Lin may be able to adduce additional evidence, not presented initially to the IJ, in favor of his claim of future persecution. *See Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), and *Jin Xiu Chen v. U.S. Department of Justice*, 468 F.3d 109 (2d Cir. 2006) (per curiam) (discussing evidence suggesting that coercive procedures are a part of official family-planning policy in [Lin's] home of Changle City); *see also Tian Ming Lin v. U.S. Dep't of Justice*, 468 F.3d 167, 169 (2d Cir.2006) (per curiam) (granting a motion to remand on the basis of the documents identified in *Shou Yung Guo* ).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. The stay of removal previously granted is VACATED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).