XIU JUAN LIN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Alberto R. Gonzales, Respondents.

No. 06–1877–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Gregory Marotta, Belle Meade, NJ, for Petitioner.

Michael Sullivan, United States Attorney, Michael Sady, Assistant United States Attorney, Boston, MA, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Xiu Juan Lin, a native and citizen of Fujian Province in China, seeks review of a March 28, 2006 order of the BIA affirming the September 30, 2004 decision of immigration judge ("IJ") Jeffrey S. Chase denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Xiu Juan Lin,* No. A79–308–671 (B.I.A. March 28, 2006), *aff'g* A79–308–671 (Immig. Ct. N.Y. City Sept. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448

F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). While the grounds for reversal are "very narrow," *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006), we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401–02 (2d Cir.2005). We will not remand, however, if we can confidently predict that the agency would adhere to its prior decision in the absence of error. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006).

■ Lin's claim for relief is based on her fear of forced sterilization if she is returned to her home city in Fujian Province as a Chinese national who has given birth to a second child while living in the United States. The BIA affirmed the IJ's conclusion that Lin had failed to submit sufficient evidence to establish that her fear of persecution in this regard was objectively reasonable. The credible evidence that Lin submitted consisted primarily of the "Aird Affidavit" prepared by retired demographer and immigration expert Dr. John S. Aird and her own testimony that she had one child in China and a second while living in the United States.[1] This evidence is too general or speculative under our precedent and the BIA's to establish the existence of an official policy of

forced sterilization in Fujian Province to which she would be subject if she returned.

■ Documents recently addressed by this Court in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), however, suggest that such a policy may in fact exist. Although Lin has not submitted these documents in support of her claim, they are "too important to ignore," and we therefore take cognizance of them here as well. *See Jin Xiu Chen v. Gonzales,* 468 F.3d 109, 111 (2d Cir.2006) (quoting *Tian Ming Lin v. U.S. Dep't of Justice,* 468 F.3d 167, 169 (2d Cir.2006)). As in *Jin Xiu Chen,* we remand to the BIA so that it may determine whether these documents establish the existence of an official policy of sterilization in Fujian Province and whether, given that policy, Lin's fear of persecution is objectively reasonable. *See id.*

■ The scope of this remand is narrow and encompasses only Lin's (and her husband's) withholding of removal claim. The BIA found that Lin and her husband did not merit asylum as a matter of discretion. Its decision was based on the facts that Lin and her husband had each previously submitted fraudulent asylum applications, that Lin obtained a fabricated abortion certificate from China, and that she and her husband had purposely underreported their income in the United States to reduce their tax liability. This does not amount to an abuse of discretion. *See Wu Zheng Huang v. INS,* 436 F.3d 89, 98 (2d Cir.2006) (listing criminal behavior and "significant violations of national immigration laws" as relevant adverse factors); *see*

---

1. Lin had also testified that her sister and one of her friends had been sterilized and that the cadres had warned her sister-in-law that Lin was in violation of the family planning policy and would be sterilized upon her return to China. The IJ found this testimony to be incredible, and the BIA agreed. This determination is supported by substantial evidence in the record and will not be set aside. The adverse credibility finding did not extend, however, to Lin's testimony regarding the number of children she had, which the IJ clearly found credible.

50

*also Hosseini v. Gonzales,* 464 F.3d 1018, 1021 (9th Cir.2006) ("In light of the uncontested evidence that Hosseini perpetrated fraud throughout his immigration proceedings, the BIA's discretionary denial is neither manifestly contrary to the law nor an abuse of discretion." (internal quotation marks omitted)). The BIA's determination is therefore conclusive and unreviewable. *See* 8 U.S.C. § 1252(b)(4)(D). Lin's original claim under the Convention Against Torture is unexhausted and therefore similarly unreviewable.

For the foregoing reasons, the petition for review is GRANTED in part. We VACATE in part the decision of the BIA and REMAND for further proceedings consistent with this decision. The petition for review is DISMISSED in all other respects.