**XIU MEI DONG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–1232, 05–3768.**

United States Court of Appeals, Second Circuit.

April 12, 2007.

---

H. Raymond Fasano, Madeo & Fasano (Donald F. Madeo, on the brief), New York, New York, for Petitioner.

Gerard J. Mene, Assistant United States Attorney, for Chuck Rosenberg, United States Attorney, Eastern District of Virginia, Alexandria, Virginia, for Respondent.

PRESENT: Honorable THOMAS J. MESKILL, Honorable RICHARD J. CARDAMONE, Honorable REENA RAGGI, Circuit Judges.

### AMENDED SUMMARY ORDER

Xiu Mei Dong, a Chinese citizen, petitions for review of (1) the March 7, 2005 BIA order reversing Immigration Judge ("IJ") Vivienne Gordon–Uruakpa's decision granting petitioner political asylum and withholding of removal based on her opposition to China's coercive family planning policy; and (2) the May 17, 2005 BIA order denying petitioner's motion to re-

open her immigration proceeding.[1] In denying review of the former order and granting review of the latter, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *The March 7, 2005 Order*

■ Petitioner submits that the BIA erred in concluding as a matter of law that, despite evidence of her sister's and aunt's forcible abortions in China and her own marriage and conception of a child in the United States without Chinese government approval, she failed sufficiently to demonstrate a well-founded, objectively reasonable fear of future persecution upon return to China. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (noting subjective and objective components to fear of future persecution). Because sufficiency presents a question of law, we review the BIA holding *de novo*. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir. 2005); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003). In so doing, we identify no legal error in the BIA's March 7, 2005 ruling, largely for the reasons discussed by this court in *Huang v. United States Immigration and Naturalization Service*, 421 F.3d 125, 129 (2d Cir. 2005) (upholding BIA's reliance on country report indicating no uniform policy of Chinese persecution toward nationals who gave birth abroad and noting that BIA is "entitled to rely" on country report "so long as in doing so it [does] not overlook any contradictory evidence directly presented by the petitioner"). Accordingly, we deny the petition to review that order.

### 2. *The May 17, 2005 Order*

■ We reach a different conclusion, however, with respect to the BIA's May 17, 2005 order declining to reopen petitioner's immigration proceedings. Although we review such rulings only for abuse of discretion, *see Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006); *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005), we identify such a concern in this case because the BIA appears to have held petitioner to a higher burden of production than the law requires, demanding evidence "clear[ly]" demonstrating petitioner's future persecution by population control authorities upon return to China, *In re Xiu Mei Dong*, A 77 977 769 (BIA May 17, 2005), rather than a *prima facie* showing of eligibility for asylum, *see Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005) ("i.e., a realistic chance that [s]he will be able to establish eligibility" (internal quotation marks omitted)).

Petitioner attempted to satisfy this latter burden by offering, *inter alia*, a 71-page affidavit from Dr. John Aird, which referenced, among other things, a spring 2003 announcement by family planning officials in her native Fujian Province that Chinese citizens without permanent resident status or long-term visas who gave unauthorized birth to children in the United States would, without exception, be subject to local family planning rules upon return to China. As we have previously noted, we generally do not expect the BIA, *sua sponte*, to identify those statements in the routinely submitted Aird affidavit that might support a particular alien's request for relief from removal. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.

---

**1.** Petitioner does not challenge the denial of her claim for relief pursuant to the Convention Against Torture. Accordingly, we deem this issue waived. *See, e.g., Yueqing Zhang v.*

*Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir. 2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

2006). At the same time, however, we have concluded that evidence of the same Fujian announcement was "too important to ignore." *Tian Ming Lin v. United States Dep't of Justice,* 468 F.3d 167, 169 (2d Cir.2006); *see also Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006) (vacating BIA's denial of motion to reopen for failure to consider same Fujian announcement evidence). Accordingly, mindful that the government, in light of these documents, has itself stipulated to remand the case to the BIA, we so order that relief.

We note, however, that Dong admits falsifying her initial asylum claim, which was the sole basis for her "legal status" in the United States at the time she conceived her first child. Thus, she has no asylum claim but for the pregnancy that occurred while she remained in the United States by fraud. Whether these circumstances preclude relief or support its discretionary denial was an issue raised but not ruled on in prior agency proceedings. Accordingly, we do not foreclose further consideration on remand.

The petition for review is DENIED with respect to the BIA's March 7, but GRANTED with respect to its May 17, 2005 order. We hereby VACATE the latter order and REMAND for further proceedings consistent with this order.