**SUDAN ZHANG, Xuzeng Yang, Petitioners,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 07–0951–ag.

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

Peter D. Lobel, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Jeffrey J. Bernstein, Senior Litigation Counsel, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Sudan Zhang and Xuzeng Yang, natives and citizens of the People's Republic of China, seek review of a February 13, 2007 order of the BIA affirming the June 14, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying Zhang's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").[2] *In re Sudan Zhang/Xuzeng Yang,* Nos. A 97 848 644/643 (B.I.A. Feb. 13, 2007), *aff'g* Nos. A 97 848 644/643 (Immig. Ct. N.Y. City Jun. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we deem Zhang's CAT claim abandoned, as she failed to raise that claim sufficiently in her brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). Moreover, we lack jurisdiction to review the agency's finding that Zhang failed to establish an exception to the requirement that an asylum application must be filed within one year of the applicant's arrival pursuant to 8 U.S.C. § 1158(a)(2)(B). Although we retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review constitutional claims and questions of law, Zhang's argument that the IJ and the BIA should have considered the birth of her third child a changed circumstance does not constitute a question of law.[3] *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330 (2d Cir.2006). Thus, we dismiss the peti-tion for review to the extent that it challenges the pretermission of Zhang's asylum application. See 8 U.S.C. § 1252(a)(2)(D). Eligibility for withholding of removal is not subject to 8 U.S.C. § 1158(a)(2)(B)'s one-year bar and, accordingly, "must be considered by the BIA regardless of the timeliness of the initial asylum request." *Xiao Ji Chen,* 471 F.3d at 332. Thus, the only question before us is whether the agency properly denied Zhang's application for withholding of removal. We answer that question in the affirmative.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 304 (2d Cir.2007). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 307 (2d Cir.2003).

Zhang relies on our decisions in *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006), *Jin Xiu Chen v. U.S. Dep't. of Justice,* 468 F.3d 109, 110–11 (2d Cir. 2006), and *Tian Ming Lin v. U.S. Dep't. of Justice,* 468 F.3d 167, 169 (2d Cir.2006), to

---

2. Yang was included as a derivative applicant on Zhang's asylum application. As such, we refer largely to Zhang alone throughout this order.

3. We note parenthetically that at the time of the hearing before the IJ, Zhang's third child had not yet been born, and that the record does not indicate that Zhang ever submitted evidence of that child's birth to the BIA.

argue that this case should be remanded. Such reliance is misplaced for several reasons. The cases Zhang cites involve petitioners from Fujian Province, whereas Zhang is from Zhejiang Province. The documents presented in *Shou Yung Guo* were regionally specific, consisting of decisions from the Changle City and Fujian Province family-planning authorities and a handbook on family planning for Changle City. *See Shou Yung Guo,* 463 F.3d at 112–13. In discussing *Shou Yung Guo,* the Court in *Tian Ming Lin* and in *Jin Xiu Chen* recognized that the documents were relevant only to Fujian Province. *See Tian Ming Lin v. U.S. Dep't. of Justice,* 473 F.3d 48, 51–52 (2d Cir.2007); *Jin Xiu Chen,* 468 F.3d at 110–11. Because Zhang resided in Zhejiang Province, the documents at issue in *Shou Yung Guo, Tian Ming Lin* and *Jin Xiu Chen* are not relevant to her claimed fear of persecution. Contrary to Zhang's argument, even if those documents had been relevant, remand would not be warranted because they did not appear in the record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007) (holding that while this Court may have the inherent power to "order the taking of additional evidence," it will not exercise that power if "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence").

Moreover, the record supports the agency's finding that Zhang did not establish a likelihood of persecution if she is returned to China. *In re C–C–,* the BIA found that an asylum applicant from Zhejiang Province who claimed that she would be sterilized if returned to China because her second child was born in the United States

could not establish *prima facie* eligibility for relief where the evidence in the record did not indicate that Chinese nationals returning to that province with foreign-born children have been subjected to forced sterilization. 23 I. & N. Dec. 899, 901–02 (BIA 2006). Likewise, despite Zhang's assertion that she presented "voluminous documentation" that she and Yang face persecution in China because of the coercive family planning policy, none of the documents in the record establish that Zhejiang Province authorities enforce the family planning policy against Chinese nationals who have children born in the United States.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The pending motion for a stay of removal in this petition is DISMISSED as moot.