**JIN SONG LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 04–6285–ag.**

United States Court of Appeals, Second Circuit.

March 20, 2008.

Robert J. Adinolfi, Louis & Adinolfi, L.L.C., New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Joseph A. Pantoja, David S. Jones, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Song Lin, a native and citizen of the People's Republic of China, seeks review of a November 9, 2004 order of the BIA denying his motion to reopen removal proceedings. *In re Jin Song Lin,* No. A 29 790 366 (B.I.A. Nov. 9, 2004). We assume the parties' familiarity with the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

underlying facts and procedural history in this case.

The Immigration and Nationality Act states that no court shall have jurisdiction to review any final order of removal entered against an alien who is removable by reason of having committed criminal offenses covered by 8 U.S.C. § 1227(a)(2)(A)(ii) (relating to multiple convictions for crimes involving moral turpitude not arising out of a single scheme of criminal misconduct). *See* 8 U.S.C. § 1252(a)(2)(C). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" encompass the same issues traditionally reviewed by courts in habeas petitions challenging Executive detentions. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 326–27 (2d Cir.2006).

Here, it is beyond dispute that Lin was convicted of "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct" under 8 U.S.C. § 1227(a)(2)(A)(ii). Thus, we are without jurisdiction to review Lin's petition for review except to the extent that he raises a constitutional claim or question of law. 8 U.S.C. § 1252(a)(2)(D). In his brief, Lin asserts that the documents discussed in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006) and *Tian Ming Lin v. U.S. Dep't of Justice*, 468 F.3d 167 (2d Cir.2006), may provide evidence of a policy in Fujian Province of forced sterilization of Chinese nationals with two or more children, and requests that this Court remand his case accordingly. Because such an argument does not raise a constitutional claim or question of law, the Government correctly asserts that the Court lacks jurisdiction to review Lin's petition. *See* 8 U.S.C. § 1252(a)(2). As such, it is dismissed.

To the extent Lin asks this Court to remand his case for the taking of additional evidence not in the record, we decline to do so. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir.2007) (holding that any inherent power to remand to the BIA for the consideration of additional evidence "should not" be exercised where "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence").

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Isabel MONTOYA (Astudillo–Arias),\* Petitioner,**