WAN QIN LIN, Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General of the United States,\* Respondent.**

No. 07–5150–ag.

United States Court of Appeals,
Second Circuit.

Aug. 3, 2009.

Robert J. Adinolfi; Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; James E. Grimes, Senior Litigation Counsel; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Wan Qin Lin, a native and citizen of the People's Republic of China,

seeks review of an October 29, 2007 order of the BIA denying his motion to reopen. *In re Wan Qin Lin,* No. A072 474 437 (B.I.A. Oct. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Lin's untimely and number-barred motion to reopen because it reasonably found that he failed to submit any evidence of changed circumstances in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(2); *see Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of children in the United States was a change in personal circumstances, and not changed circumstances under the regulations); *see Jian Huan Guan v. B.I.A.,* 345 F.3d 47, 49 (2d Cir.2003) (same).

Lin argues that the BIA erred in failing to evaluate his claim in light of the evidence that we considered in *Tian Ming Lin v. U.S. Dep't of Justice,* 468 F.3d 167 (2d Cir.2006), *superseded by* 473 F.3d 48 (2d Cir.2007), and *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), and that we should remand for consideration of additional evidence. That argument is unavailing, as our review is limited only to the record before us and we will not remand for the BIA to consider extra-record evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao*

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

*Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).