**CHANG QING CHEN, Petitioner–
Appellant,**

**v.**

**Alberto R. GONZALES, Attorney
General,[1] Respondent–
Appellee.**

**No. 04–1599–ag.**

United States Court of Appeals,
Second Circuit.

April 20, 2007.

1. Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted as Respondent for former Attorney General John D. Ashcroft.

Stuart Altman, for Petitioners.

Terry M. Cushing, Assistant United States Attorney, for David L. Huber, United States Attorney, Western District of Kentucky, Louisville, Kentucky, for Respondent.

PRESENT: HONORABLE RICHARD J. CARDAMONE, HONORABLE JOHN M. WALKER, JR., HONORABLE REENA RAGGI, Circuit Judges.

## AMENDED SUMMARY ORDER

Chang Qing Chen and Xiu Ying Lin are Chinese citizens who, having married and had children after their illegal entry into the United States, thereafter sought political asylum and withholding of removal based on their opposition to China's restrictive family planning policies. Although an immigration judge ("IJ") originally granted the couple relief, that decision was reversed by the BIA, and the ruling was not appealed to this court.

Instead, Chen, now pursuing derivative status from his wife's application, seeks review of a February 27, 2004 order of the BIA denying the couple's motion (1) to reopen their immigration proceedings or (2) to reconsider the BIA's November 24, 2003 decision vacating the IJ's ruling granting them political asylum.[2] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Motion to Reopen*

   a. *The Failure to Show Abuse of Discretion*

   ■ This court reviews the BIA's denial of a motion to reopen only for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). The petitioner argues that the BIA abused its discretion in declining to reopen his wife's asylum application because it failed to consider new evidence establishing his wife's well-founded fear of religious persecution, including a letter from a priest in the Fuzhou Archdiocese vouching for Lin's status as an active Catholic, a letter from the same parish confirming Lin's membership in the Roman Catholic Church, and a letter from the Hudong Village's Committee of Wenwusha Town of Changle City notifying Lin that she was under investigation for attending the underground Catholic Church. It is by no means clear that Chen can be heard to complain of a failure to reopen on asylum grounds that apply only to Lin. Even if he could clear this hurdle, however, his argument is unconvincing because, although Lin had originally sought relief from removal based on

religious persecution, she specifically withdrew that claim prior to the hearing before the IJ, pursuing only the political persecution claim. Thus, the BIA did not abuse its discretion when it concluded that Chen and Lin had had the opportunity to put forth their religious persecution claim, but had opted not to do so. Nor did it abuse its discretion in finding that petitioner's "new" evidence failed to demonstrate meaningfully changed circumstances in the People's Republic of China since the time of the IJ hearing such as might warrant reopening her immigration proceeding.

Accordingly, their petition for review of the BIA's reopening decision is appropriately denied.

   b. *Ineffectiveness of Counsel*

   In an effort to avoid this result, the petitioner argues that the withdrawal of Lin's religious persecution claim is attributable to the ineffective assistance of former counsel. Ineffective assistance claims are conditioned on substantial compliance with the reasonable requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). This court has held that "an alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court." *Jian Yun Zheng v. United States Dep't of Justice*, 409 F.3d 43, 47 (2d Cir.2005). *Lozada* requires that a motion to reopen or reconsider based upon a claim of ineffective assistance of counsel must include (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in

---

2. A motion to add Xiu Ying Lin as a petitioner in this case was denied by this court for lack of jurisdiction in an order filed on April 27, 2005. See Order of April 27, 2005, in *Chen v.*

*Gonzales*, No. 04–1599–ag. Thus, although the petitioner's brief to this court is drafted as though both Chen and Lin were before us, in fact, only Chen can be considered a party.

this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and afforded counsel an opportunity to respond; and, (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so. *See Lozada*, 19 I. & N. Dec. at 639; *see also Twum v. INS*, 411 F.3d at 59; *Esposito v. INS*, 987 F.2d 108, 110–11 (2d Cir.1993).

Contrary to the BIA's conclusion that petitioner has "complied with none of the above-noted requirements for reopening based on ineffective assistance of counsel," *In re Chang Qing Chen, Xiu Ying Lin*, A 70 892 608, A 75 833 397 (BIA Feb. 27, 2004), the record demonstrates that Lin did submit a complaint about counsel's representation and a supporting affidavit to the New York Departmental Disciplinary Committee. However, we need not resolve the question of whether petitioner or his wife substantially complied with the remaining *Lozada* requirements because, even if we were to resolve that question in their favor, petitioner cannot show that competent counsel would have acted otherwise or that he or his wife was prejudiced by counsel's performance. *See Romero v. United States INS*, 399 F.3d 109, 112–13 (2d Cir.2005).

Petitioner advances two arguments to support an ineffective assistance claim. We use our "own judgment to determine whether an attorney's conduct was ineffective," *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994), and we conclude that petitioner's two challenges are without merit.

■ First, petitioner argues that the former attorney was negligent in filing an appeal brief to the BIA a year after the deadline. Because the tardy brief was filed eight months prior to the BIA's decision, and because nothing in the record indicates that the BIA failed to consider the brief in making its ruling, this part of petitioner's claim fails for lack of prejudice.

■ Second, petitioner argues that counsel was ineffective in recommending withdrawal of religious persecution as a ground for the asylum application, and reliance instead on persecution under China's coercive family planning policy. There are many reasons why competent counsel may recommend a particular ground for asylum, even if others are available. *See, e.g., Romero v. United States INS*, 399 F.3d at 112–13 (holding that counsel was "reasonable and prudent" to forgo available argument because that argument could "impair [petitioner's] credibility"); *see also Jones v. Barnes*, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (holding that there is no requirement for appointed counsel to raise every colorable claim on appeal). In this case, the record indicates that petitioner and his wife could not provide evidentiary support for the religious persecution claim at the time of the IJ hearing. Under these circumstances, and in light of counsel's successful—at least before the IJ—pursuit of the family planning claim, we cannot conclude that counsel's recommendation was objectively unreasonable. Accordingly, we affirm the BIA's denial of the motion to reopen.

### 2. *Motion to Reconsider*

We review the denial of a motion to reconsider, like the denial of a motion to reopen, only for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam). To secure

reconsideration, an alien must specify errors of fact or law in the BIA's initial decision, supporting that claim with pertinent authority. *See* 8 CFR § 1003.2(b); *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001). Here, the petitioner argues that the BIA erred as a matter of law when it vacated the IJ's decision in their favor by relying on a State Department Country Conditions Report to conduct its own fact-finding.

■ It is undisputed that the BIA no longer has authority to engage in *de novo* factfinding, except for taking administrative notice of commonly known facts. *See* 8 CFR § 1003.1(d)(3); *Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 296 (2d Cir.2006) (per curiam). However, under 8 C.F.R. § 1003.3(f), the provision precluding *de novo* review by the BIA "shall not apply to appeals filed before September 25, 2002." The government appeal of the IJ decision in this case was filed April 14, 1999, more than three years before September 25, 2002. Thus, the BIA was entitled to review the IJ's finding of fact *de novo.*

■ The BIA reviewed the record in this case and observed that country condition information reflects that China does not uniformly apply coercive population control policies so as to support petitioners' claim that the birth of their children in the United States supported an objectively reasonable fear of persecution on return to China. The BIA further noted that the State Department report identified numerous non-persecutory methods of enforcing China's population control policy, that not all methods of enforcement involved persecution in the form of forced abortion and sterilization, and that there was no national policy regarding the treatment of chil-

dren born abroad. Given the evidence in the record, the BIA did not abuse its discretion in denying the motion to reconsider. *See Jian Xing Huang v. United States INS,* 421 F.3d 125, 128–29 (2d Cir. 2005) (per curiam).

■ However, documents dated 2003 and presented to this Court for the first time in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), suggest the existence of an official policy of forced sterilization in the petitioner's home of Changle City in Fujian Province, China. "[T]hese documents, if authentic, potentially undermine the BIA's and our continued reliance on the State Department reports." *Jin Xiu Chen v. United States Dep't of Justice,* 468 F.3d 109, 111–12 (2d Cir.2006) (per curiam). Because the government, in light of these documents, has stipulated to a remand—which appears to relate to both Chen and Lin—we remand the case to the BIA.

The petition for review of the BIA's February 27, 2004 order denying petitioner's motion to reopen to consider a claim of religious persecution is hereby DENIED. The petition for review of the BIA's order denying petitioner's motion to reconsider the IJ denial of the claim of political persecution is hereby GRANTED and REMANDED to the BIA.