**QING MING LIU, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

**No. 07–5228–ag.**

United States Court of Appeals, Second Circuit.

May 5, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Qing Ming Liu, a native and citizen of the People's Republic of China, seeks review of an October 30, 2007 order of the BIA denying his motion to reopen his deportation proceedings. *In re Qing Ming Liu*, No. A73 037 714 (B.I.A. Oct. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of a motion to reopen is a discretionary decision as to which review is limited. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam).

The Immigration and Nationality Act ("INA") provides that an individual may file only one motion to reopen, and that such motion must be filed within ninety days of the issuance of a final administrative order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). These limitations, however, do not apply when an individual files a motion to reopen to apply for asylum or withholding of removal "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Liu's motion to reopen was untimely and numerically barred, as it was his third motion, and it was filed with the BIA in April 2007, more than five years after the BIA's final order affirming the IJ's denial of relief.

While the BIA found that Liu failed to demonstrate changed country conditions in China with regard to the enforcement of the family planning policy, Liu argues that in reaching this conclusion, the BIA failed to consider the complete record. In particular, a newspaper article in the record, titled "Fujian: One Over–Birth, the Whole Family Detained," published in March 2007, asserts that "[t]he family planning policy is getting stricter this year," and that the enforcement of the policy was tightened in Fujian Province. According to the article, "In Fujian Province, with the largest population of 'Returned Oversea Chinese,' the local family planning cadres preach 'one over-birth, the whole family detained.' The detained family members are cruelly treated." The article asserts that family planning officials consider women who have already borne two daughters, like Liu's wife, to be "high-

risk" and require them to undergo sterilization. The article reports that in one town, the authorities compel the appearance of women who have gone into hiding to escape sterilization by destroying their homes and detaining their families in "family planning school," where living conditions are allegedly worse than those in prison. Two other articles contain similar reports. Although Liu has not brought these documents in particular to our attention, we nevertheless take cognizance of them as they appear in the record. *See Jin Xiu Chen v. U.S. Dep't of Justice*, 468 F.3d 109, 111 (2d Cir.2006) (per curiam); *Tian Ming Lin v. U.S. Dep't of Justice*, 468 F.3d 167, 169 (2d Cir.2006) (per curiam), *on rehearing at*, 473 F.3d 48 (2d Cir.2007).

We will generally presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Here, the record "compellingly suggests" that the BIA did not consider the articles submitted by Liu when it denied his motion. Moreover, the BIA's decision did not address other documents in the record which indicate that persons born in foreign countries are treated as Chinese citizens if at least one parent is a Chinese citizen who does not have permanent residence in a foreign country. Taken together, these documents, if authentic could indicate that: (1) conditions in China have changed; (2) the birth of Liu's children in the United States will be perceived as a violation of the family planning policy in Fujian province; and (3) the punishment Liu faces—arrest and detention or sterilization—will be forced. *Cf. Matter of S–Y–G–*, 24 I. & N.

Dec. 247, 251 (BIA 2007), *appeal docketed*, No. 07–3415 (2d Cir. Aug. 13, 2007); *Matter of J–H–S–*, 24 I. & N. Dec. 196 (BIA 2007), *appeal docketed*, No. 07–2689 (2d Cir. June 22, 2007). Accordingly, we conclude that in failing to consider these documents, the BIA exceeded its discretion. *See Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006); *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 88 (2d cir.2007).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is GRANTED, pending the issuance of a new decision by the BIA.