**FANG MIN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

**No. 07–3376–ag.**

United States Court of Appeals, Second Circuit.

Dec. 5, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Khagendra Gharti–Chhetry, New York, N.Y., for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER and ROSEMARY S. POOLER, Circuit Judges.**

### SUMMARY ORDER

Petitioner Fang Min Chen, a native and citizen of the People's Republic of China, seeks review of a July 9, 2007, order of the BIA denying her motion to reopen removal proceedings. *In re Fang Min Chen,* No. A 77 353 661 (B.I.A. July 9, 2007). We assume the parties' familiarity with the underlying facts, the procedural history in this case, and the specification of issues on appeal.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam). The BIA abuses its discretion if its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005) (internal quotation marks omitted).

■ The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely. A motion to reopen is subject to the time and number limitations of 8 U.S.C. § 1229a(c)(7) and therefore generally must be filed within 90 days of entry of the final order of removal. *Yuen Jin v. Mukasey,* 538 F.3d 143, 151 (2d Cir.2008). If it is filed later than 90 days after the final removal order, the motion must be

---

** Judge Richard J. Cardamone, a member of the panel who heard oral argument, has since retired. Therefore, this case is decided by the two remaining members of the panel pursuant to Section 0.14 of the Rules of the United States Court of Appeals for the Second Circuit.

denied unless the petitioner alleges changed country conditions. *Id.* Here, Chen did not submit evidence of changed country conditions. To the extent that Chen offers her marriage and the birth of her two children to support an exception to the time limitation for filing a motion to reopen, we have found that such evidence of changed personal circumstances does not satisfy the exception. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006) (finding that the birth of the petitioner's two U.S. citizen children was evidence of changed personal circumstances, rather than of changed conditions in China); *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130 (2d Cir.2005) (per curiam) (finding that a change in personal circumstances does not fit under the changed circumstances exception provided by 8 C.F.R. § 1003.2(c)(3)(ii)).

In the brief she submitted to this Court, Chen argues that the BIA abused its discretion by failing to take administrative notice of facts regarding the Fujian Province's coercive population control policy. Although the BIA is permitted to take administrative notice of "commonly known facts such as current events or the contents of official documents," *see* 8 C.F.R. § 1003.1(d)(3)(iv), it is not required to take administrative notice of such facts, *see id.*; *see also Chhetry v. U.S. Dep't of Justice,* 490 F.3d 196, 199–200 (2d Cir.2007) (quoting *Hoxhallari v. Gonzales,* 468 F.3d 179, 186 n. 5 (2d Cir.2006) (per curiam) (recognizing the permissive nature of the BIA's authority to "exercise independent discretion" in taking notice of commonly known facts)); *Yang v. McElroy,* 277 F.3d 158, 163 n. 4 (2d Cir.2002) (finding it "well-settled that the BIA has the authority to take administrative notice of current

events"). Nor can the facts at issue be described as "commonly known," 8 C.F.R. § 1003.1(d)(3)(iv), as the facts asserted in the documents offered by Chen have been the subject of considerable dispute in a number of cases before this Court, *see, e.g., Fong Chen v. Gonzales,* 490 F.3d 180, 181 (2d Cir.2007).

Chen nonetheless argues that the BIA was "compelled" to take administrative notice of the documents at issue in three cases decided by this Court where the petitioner was also from the Fujian Province. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006); *Tian Ming Lin v. U.S. Dep't of Justice,* 468 F.3d 167, 169 (2d Cir.2006) (remanding for further consideration of the *Shou Yung Guo* documents); *Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109, 111–12 (2d Cir.2006) (same). We remanded these cases based on our finding that the documents submitted in *Shou Yung Guo* potentially indicated that the Fujian Province had a policy of forced sterilization of citizens with two children. *Shou Yung Guo,* 463 F.3d at 115. However, upon assessing the *Shou Yung Guo* documents, the BIA determined that the evidence did not categorically demonstrate that Chinese nationals would be persecuted for having two U.S.-born children. *Matter of S–Y–G–,* 24 I. & N. Dec. 247, 258–59 (B.I.A.2007). We recently upheld the BIA's determination in *Matter of S–Y–G–. Jian Hui Shao v. Mukasey,* 546 F.3d 138, 142 (2d Cir.2008).

■ Accordingly, even if the BIA were obligated to consider the *Shou Yung Guo* documents, they fail to demonstrate Chen's prima facie eligibility for asylum on the basis of her two U.S.-born children.[1]

---

1. We decline Chen's request to remand her case for consideration of documentary evidence that was not submitted with her motion to reopen. *See Xiao Xing Ni v. Gonzales,* 494

F.3d 260, 262 (2d Cir.2007) (holding that any inherent authority to remand that this Court may have "should not" be exercised where "[i] the basis for the remand is an instruction

In light of our decision in *Shao,* we find that the BIA properly relied on *Matter of J–W–S–,* 24 I. & N. Dec. 185 (B.I.A.2007), in finding that Chen failed to establish a well-founded fear of persecution based on the fact that she has two children. *See Matter of J–W–S,* 24 I. & N. Dec. at 191 (concluding that the evidence of record did not demonstrate that a Chinese national with U.S.-born children would be subject to forced sterilization upon return to China, under either the national or Fujian Province policies). Further, the BIA reasonably supported its finding by citing the 2007 Department of State Profile of Asylum Claims and Country Conditions for China, which reported that " 'U.S. officials in China are not aware of the alleged official policy, at the national or provincial levels, mandating the sterilization of one partner of couples that have given birth to two children, at least one of whom was born abroad.' "

■ We further conclude that Chen's argument that the BIA erred in failing to address her claim that "she would be sterilized if she had more children in China" is without merit. The BIA appears to have addressed this argument with its finding that she failed to demonstrate any likelihood of success were her case remanded. Even if the BIA had ignored this assertion, remand on this basis would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006) (finding that remand is futile where it can be "confidently predict[ed]" that the IJ would reach the same decision on remand). Because Chen only had two children at the time she filed her motion to reopen, her claim that she fears being forcibly sterilized for having another child is too speculative to establish prima facie eligibility for

asylum. *See, e.g., Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (requiring "solid support in the record for [petitioner's] assertion that he will be subjected to forced sterilization").

Because Chen failed to establish prima facie eligibility for asylum, the BIA's denial of her motion was not an abuse of discretion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is **DENIED.** As we have completed our review, the pending motion for a stay of removal in this petition is **DISMISSED** as moot.

to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to

reopen a case before the BIA for the taking of additional evidence").